Filed 12/2/2019 12:00 AI
Karen L. Wilso
District Cler
Van Zandt County, Texa

Stormy Canady

Van Zandt County - District Clerk

**Cause No:** __19-00304_____

| | | |
|---|---|---|
| **TONYA WRIGHT,** | ) | **IN THE DISTRICT COURT** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | __294TH_____ **JUDICIAL DISTRICT** |
| | ) | |
| **PRIMELENDING,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | **OF VAN ZANDT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, PERMANENT INJUNCTION, AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, TONYA WRIGHT, hereinafter called Plaintiff, by and through her attorney, Robert C. Newark, III, and files this Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction and in support thereof would show unto the Court the following:

### DISCOVERY CONTROL PLAN

1.      The Plaintiff herein intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.

### PARTIES

2.      Plaintiff, Tonya Wright, is an individual that resides in Van Zandt County, Texas

3.      Defendant is Primelending, (hereinafter referred to as "Lender") is a federal savings bank doing business in Texas and may be served via its registered agent, at CT Corporation System, 1999 Bryan St., Ste 900, Dallas, TX  75201-3136.

1

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over the controversy because the claims asserted in this Petition, arose, in whole or in part, in Van Zandt County, Texas and the amount in controversy exceeds the minimal jurisdictional limits of the court.

5.      This Court has personal jurisdiction over the Defendant because the acts and omissions complained of herein occurred in Texas, the Defendant does and/or did do business in the State of Texas, has committed a tort, in whole or in part in Texas, is a resident and citizen of Texas, has minimal contacts with the State of Texas during the period of time complained of herein.

6.      Venue is properly laid in Van Zandt County, Texas, because all or a substantial part of Plaintiff's cause of action arose in Van Zandt County, Texas.

## NATURE OF SUIT

7.      This is a suit to enjoin and refrain a foreclosure sale proceeding scheduled by Defendant, for Tuesday, December 3, 2019, between 10:00 am and 4:00 pm at the location designated by the county clerk.

8.      In addition to the aforementioned request for the extraordinary relief to abate the foreclosure proceeding, Plaintiff brings this lawsuit against Defendant alleging negligence, violation of RESPA, 12 USC Sec. 1024, et seq., violation of the Texas Prop. Code Ann. Sec. 51.002 et seq., actual damages and attorney fees.

## EXISTENCE OF CONTRACT AND PERFORMANCE

9.       On or about October 23, 2017, Plaintiff entered into a written contract with Defendant, for the purchase of a house and lot located at 3442 VZ County Road 3710, Wills Point, TX  75169.

10.      The original principal of the contract was $171,830.00.

11.      Plaintiff attempted to obtain a loan modification.

12.     Even while attempting to do that, Defendant moved forward with foreclosure proceedings.

## NEGLIGENCE

13.     Plaintiff alleges that the Defendant had a duty to Plaintiff to provide notice of any transfer, assignment, or sale of the note, to properly manage the loan and the escrow amount, to comply with the notice provisions contained in the deed of trust before accelerating the note and foreclosing on the property, and, when applying for a mortgage modification, to protect their rights and not mislead them.  As shown above, Defendant breached the duties it owed to Plaintiff and as a result of this breach Plaintiff was damaged.

14.     The duty of the Defendant can be found in the regulation of the Department of Housing and Urban Development ("HUD") which is incorporated with the Deed of Trust.

15.     A Lender can be found liable to its customers for negligent misrepresentation in the servicing of the Loan.  *See Federal Land Bank Assn'*, 825 S.W.2d 439, 442 (Tex. 1992). Even a Defendant's accidental false representation can be actionable.  *See Milestone Props. Inc. v. Federated Metals Corp.*, 867 S.W.2d 113, 119 (Tex. App – Austin 1993).   *SusserPetCo. V. Latina Oil Corp.*, 574 S.W.2d 830, 832 (Tex. App. – Texarkana 1978, no writ.).   Defendant failed to use reasonable care in communicating to Plaintiff the options of loss mitigation. Plaintiff relied on the representations to her detriment.  The Defendant's representations involved a transaction to which Defendant had a pecuniary interest.  However, the representations were false and Defendant is wrongfully attempting to foreclose on Plaintiff's property, causing Plaintiff to sustain damages, including but not limited to damages for clouding the title/slander of title concerning said residence, harm to credit reputation, credit worthiness, and credit history, actual damages, and the value of time lost trying to remedy the problem against Defendant.

16.    Defendant failed to perform its duties as mortgage servicer.  Defendant avoided and evaded Plaintiff inquiries about an appeal an appeal of their modification application. Subsequently, without offering more than one loan workout alternative or replying to Plaintiff inquiries regarding an appeal to denial of a HAMP modification, the Defendant, forwarded a notice posting foreclosure sale of Plaintiff's property for December 3, 2019.

17.    As a result of Defendant's negligence, Plaintiff is in danger of being dispossessed of her property.  Defendant's mishandling of Plaintiff's loss mitigation constitutes a negligent misrepresentation.

18.    As a result, Defendant has breached the written contractual agreements and covenants of the note and the requirements pursuant to the Bureau of Consumer Financial Bureau pursuant to applicable law.

19.    As a result of Defendant's breach, Plaintiff has suffered harm as she has incurred additional charges to her loan balance and escrow account and is continuing to incur them to the present.

## VIOLATION OF TEXAS. PROP. CODE ANN. SECTION 51.002, ET SEQ.

20.    Mortgage foreclosures in the State of Texas are governed by the express terms of the Deed of Trust and by Chapter 51 of the Property Code.

21.    More specifically, it is well settled by statue that the mortgagee is required to (1) notify the mortgagor by certified mail that the Deed of Trust is in default and give him or her at least twenty (20) days to cure and/or protest and (2) give mortgagor at least twenty-one (21) days notice of the sale by certified mail.  Tex. Prop. Code Ann. 51.0002(b)(3), (d).

22.    In the case at bar, Plaintiff's mortgage loan including Deed of Trust set out terms of default and acceleration in its covenants and as such when she received the notice of

accelerations, she in fact did raise issues regarding her loan and payment history and pending loan workout alternatives as such until the disputes were resolved any notice to post her property for sale would be premature.

23.    To wit, if Defendant is allowed to proceed with the finalization of the foreclosure proceedings of Plaintiff's property, Plaintiff will suffer immediate and irreparable injury.

24.    Specifically, Plaintiff will be harmed in that she will lose all of the money previously invested in the property without having a fair opportunity to protect the investment of which Plaintiff has no adequate remedy at law.  Plaintiff has no alternative but to seek injunctive relief.

**BREACH OF CONTRACT**

25.    The elements of a breach of contract action are:  (1) the existence of a valid contract; (2) performed or tendered performance by the Plaintiff; and (3) breach by the Defendant.

26.    Plaintiff alleges that Defendant failed to comply with HUD regulations outlining procedures that must be followed prior to accelerating and foreclosing a loan subject to the FHA.

27.    Specifically the Note and Deed of Trust expressly provided that the acceleration and foreclosure on Plaintiff's loan are subject to limitation through regulations required Defendant to make reasonable efforts 203.604(b); inform Plaintiff of any assistance option, 24 C.F.R, 203.605, 203.501, before accelerating the loan and proceeding with foreclosure.

28.    The Defendant failed to follow the foregoing steps and thus breached the contract with Plaintiff.

29.     As a result, Defendant has breached the written contractual agreements and covenants of the note by wrongful applying these charges over and above Plaintiff's principal loan balance.

30.     As a result of Defendant's breach, Plaintiff has suffered harm as she has incurred additional charges to her loan balance and escrow account and are continuing to incur them to the present.

## ALL PARAGRAPHS INCORPORATED

31.     Each of the proceedings and succeeding paragraphs are incorporated as part of the following cause of action.

## ATTORNEY'S FEES

32.     Plaintiffs are entitled to recover reasonable and necessary attorney fees pursuant to Tex. Civ. Prac. & Rem. Code Sec. 37.009 and pursuant to Tex. Civ. Prac. & Rem. Code Chapter 38 in this action for the breach of contract as authorized in Sec. 38.001(8).

## DISCOVERY – DISCLOSURES - TRCP 194.2

33.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that Defendant disclose the information and material described in Rule 194.2 within 50 days of service.

## NOTICE – TRCP 193.7

34.     Plaintiffs hereby put Defendant on notice that Plaintiffs intend to use Defendant's discovery responses as evidence at trial in accordance with such rights and privileges established by Texas Rules of Civil Procedure 193.7.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

35.     Defendant, Primelending, should not be allowed to finalize foreclosure proceedings including transfer or any other disposition of the property, or taking possession or

exercise any control over the property located at 33442 VZ County Road 3710, Wills Point, TX 75169.

36.    Defendant, Primelending, has failed to follow state law notice provisions of the Texas Property Code and is not entitled to proceed with the sale of the property through wrongful foreclosure.

37.    Plaintiff will suffer irreparable injury if Defendant, Primelending, are not enjoined from effectuating the wrongful foreclosure sale of 3442 VZ County Road 3710, Wills Point, TX 75169.

38.    There is a substantial likelihood that Plaintiff will succeed on the merits of its lawsuit.

39.    The threatened harm to Plaintiff outweighs the harm of a preliminary injunction would inflict on the Defendant.

40.    In addition, the property in question affords Plaintiff a substantial equity amount over and above the alleged debt owed to the Defendant.

41.    Issuance of a preliminary injunction is in the public interest. The granting of a preliminary injunction would maintain the status quo and retains one of the most significant assets of the Plaintiff. To deny the preliminary injunction would be to unjustly enrich the Defendant and extinguish the Plaintiff substantial equity interest in its property.

42.    Plaintiff is willing to post a bond in an amount the court deems appropriate.

43.    Plaintiff asks the court to set her application for preliminary injunction for a hearing at the earliest possible time, and after hearing the application, issue a preliminary injunction against Defendant.

**MOTION FOR TEMPORARY RESTRAINING ORDER**

44.     All allegations are incorporated herein.

45.     The Plaintiff is entitled to a Temporary Restraining Order to restrain further transfer, or any other disposition of the property or taking possession or exercising any contract over the property as follows:

      a.     Plaintiff will incur significant irreparable injury and loss.  The threaten damage which would be incurred would be significant and substantial as specified above and incorporated herein by reference.

      b.     There is substantial likelihood of success on the merits as specified within.

      c.     The threaten harm outweighs the harm a temporary restraining order would inflict on the Defendant specified within and incorporated herein by reference.

      d.     The Temporary Restraining Order would serve the public interest as specified above, incorporated by reference.

      e.     Plaintiff is willing to post a bond in the amount the court deems appropriate.

46.     For these reasons, Plaintiff asks the Court to issue a temporary restraining order preventing and refraining Defendant, its attorneys, agents, successors and/or assigns from consummating, continuing or effectuating any transaction, transferring the real property located at 33442 VZ County Road 3710, Wills Point, TX  75169, perfecting its lien or security interest in the property, exercising any dominion or control over the real property, or attempting to take possession of the property, and to set the request for preliminary injunction for hearing at the earliest possible time.

47.     An Affidavit that proves the allegations in the Application for Injunction Relief is attached and incorporated by reference.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that:

a.      Invalidate the foreclosure sale that is scheduled for December 3, 2019.

b.      Issue an immediate temporary restraining order preventing and refraining Defendant, its attorneys, agents, successors and/or assigns from consummating, continuing or effectuating any transaction, transferring the real property located at 3442 VZ County Road 3710, Wills Point, TX  75169, perfecting its lien or security interest in the property, exercising any dominion or control over the real property, or attempting to take possession of the property,

c.      Following hearing and notice to Defendant, issue a temporary injunction to prevent Defendant and its agents and employees from proceeding with the foreclosure sale of Plaintiff's property during the pendency of this cause of action in order to maintain the status quo herein;

d.      Order the Defendant to be cited to appear and answer within and that upon final hearing, this Court grant declaratory judgment that no foreclosure sale of Plaintiff's house be validated during the pendency of this cause and enter a permanent injunction to prevent Defendant, its employees or agents from foreclosure validation on the property; and evicting Plaintiff from her property;

e.        The Plaintiff be granted her damages, costs, and reasonable attorney fees, and any

other relief at law or in equity to which they may be entitled.

RESPECTFULLY SUBMITTED,

A Newark Firm
1341 W. Mockingbird Lane, Ste 600W
Dallas, Texas  75247
Telephone:      (866)230-7236
Facsimile:      (888)316-3398
Email:          office@newarkfirm.com

By:    /s/Robert C. Newark, III                      _
       Robert C. Newark, III
       Texas Bar No. 24040097
       Oklahoma Bar No. 21992
       ATTORNEY FOR PLAINTIFF

UNSWORN DECLARATION
IN LIEU OF AFFIDAVIT
AS ALLOWED BY
TEX. CIV. PRAC. & REM. SEC. 132.001

1. My name is **Tonya Wright** .

2. My date of birth is **10/07/1968** .

3. I am the Plaintiff in this case.

4. The Plaintiff's mailing address is **P O BOX 1192, Canton, TX  75103** .

5. I declare under penalty of perjury that the **PLAINTIFF'S ORIGINAL PETITION,
   APPLICATION FOR TEMPORARY RESTRAINING ORDER,
   TEMPORARY INJUNCTION, PERMANENT INJUNCTION, AND
   REQUEST FOR DISCLOSURES** is true and correct to the best of my knowledge.

Executed in **Van Zandt County, TX** , on **11/29/2019**.

_____
Tonya Wright
Declarant